UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIGAIL OYOLA<br>    Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC<br>    Defendant. | **COMPLAINT & JURY DEMAND** |

## Summary

1. Midland Funding, LLC is not licensed to operate as a debt collector in Massachusetts. Nevertheless, it has illegally engaged in unlicensed debt collection efforts against Abigail Oyola. These efforts violated the Massachusetts Consumer Protection Act as well as the Fair Debt Collection Practices Act.

## Federal Jurisdiction and Venue

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1367 because this case arises under the laws of the United States and is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (FDCPA), as well as related-to state law claims.

3. Venue is proper in the District of Massachusetts because, pursuant to 28 U.S.C. § 1391(b) a substantial portion of the acts giving rise to this action occurred within the District of Massachusetts.

**Parties**

4. Plaintiff Abigail Oyola (Oyola) is a natural person residing in Worcester, Massachusetts.

5. Defendant Midland Funding, LLC (Midland) is a limited liability company organized under the laws of Delaware, with its principal office in California.

**Common Facts**

6. Pursuant to Massachusetts Debt Collection Practices Act (MDCPA), "No person shall directly or indirectly engage in the commonwealth in the business of a debt collector, or engage in the commonwealth in soliciting the right to collect or receive payment for another of an account, bill or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of an account, bill or other indebtedness, without first obtaining from the commissioner a license to carry on the business, nor unless the person or the person for whom he or it may be acting as agent has on file with the state treasurer a good and sufficient bond." G.L. c. 93, § 24A.

7. Midland's primary business purpose is to purchase defaulted debts in order to collect on them.

8. Midland regularly purchases portfolios of defaulted consumer debts in order to collect on them.

9. Midland regularly engages in direct and/or indirect collection efforts against consumers.

10. Midland regularly uses the mail, telephone, and other instrumentalities of interstate commerce in order to collect on defaulted debts.

11. Midland is a "debt collector" as defined under G.L. c. 93, § 24.

12. Midland is a "debt collector" as defined in the FDCPA.

13. In violation of G.L. c. 93, § 24A, Midland is not licensed to operate as a debt collector within the Commonwealth of Massachusetts.

14. Midland claims to have purchased a defaulted consumer debt owed by Oyola.

15. Midland has engaged in direct and/or indirect collection efforts against Oyola. These efforts include, but are not limited to, the following:

   a. Midland oversaw and approved (or disapproved) of debt collection efforts made against Oyola;

   b. Midland has reported this debt on Oyola's credit report(s);

   c. Midland filed a lawsuit against Oyola with the Small Claims Division of the Worcester District Court. It is identified as case number 1662 SC 965.

   d. Midland obtained a default judgment against Oyola. (A motion to vacate this judgment is currently pending.)

   e. Midland caused a capias to be served on Oyola, which required her to involuntarily miss work and attend a court hearing to conduct a payment review analysis.

## COUNT I
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
## G.L. c. 93A, § 2

16. The preceding allegations are incorporated by reference.

17. Midland is engaged in trade or commerce in Massachusetts.

18. In violation of G.L. c. 93, § 24A, Midland has engaged in unlicensed debt collection efforts against Oyola.

19. Pursuant to G.L. c. 93, § 28, violation of § 24A "shall constitute an unfair or deceptive act or practice" under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

20. Pursuant to G.L. c. 93A, § 2, Midland is prohibited from engaging in unfair or deceptive acts or practices.

21. Accordingly, Midland's unlicensed debt collection efforts against Oyola were unfair or deceptive acts or practices, in violation of G.L. c. 93A, § 2.

22. Midland does not maintain a place of business within the Commonwealth.

23. Midland does not keep assets within the Commonwealth.

24. Because Midland does not maintain a place of business or keep assets within the Commonwealth, it was not entitled to receive a pre-suit demand letter from Oyola pursuant to G.L. c. 93A, § 9.

25. Oyola is therefore entitled to make a claim pursuant to G.L. c. 93A, § 9, notwithstanding that she did not send Midland a pre-suit demand letter. *See Moronta v. Nationstar Mortgage, LLC*, ___ Mass. ___ (December 22, 2016).

26. Oyola suffered damages due to Midland's unlawful actions, including but not limited to economic damages, physical damages, and emotional damages.

**COUNT II**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT**
**G.L. c. 93A, § 2**

27. The preceding allegations are incorporated by reference.

28. A debt collector is prohibited from taking any action that cannot legally be taken. *See Harrington v. CACV of Colorado, LLC*, 508 F. Supp. 2d 128 (D. Mass. 2007) (adopting the majority rule that 15 U.S.C. § 1692e(5) prohibits debt collectors from both threatening and taking illegal actions).

29. Pursuant to 209 Code Mass. Regs. § 18.16(5), Midland was prohibited from taking action that cannot legally be taken.

30. Pursuant to G.L. c. 93, § 28, violation of § 18.16(5) "shall constitute an unfair or deceptive act or practice" under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

31. Pursuant to G.L. c. 93A, § 2, Midland is prohibited from engaging in unfair or deceptive acts or practices.

32. Accordingly, Midland's unlicensed debt collection efforts against Oyola were unfair or deceptive acts or practices, in violation of G.L. c. 93A, § 2.

33. Midland does not maintain a place of business within the Commonwealth.

34. Midland does not keep assets within the Commonwealth.

35. Because Midland does not maintain a place of business or keep assets within the Commonwealth, it was not entitled to receive a pre-suit demand letter from Oyola pursuant to G.L. c. 93A, § 9.

36. Oyola is therefore entitled to make a claim pursuant to G.L. c. 93A, § 9, notwithstanding that she did not send Midland a pre-suit demand letter. *See Moronta v. Nationstar Mortgage, LLC*, ___ Mass. ___ (December 22, 2016).

37. Oyola suffered damages due to Midland's unlawful actions, including but not limited to economic damages, physical damages, and emotional damages.

## COUNT III
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
## G.L. c. 93A, § 2

38. The preceding allegations are incorporated by reference.

39. Pursuant to G.L. c. 93A, § 2, Midland is prohibited from engaging in unfair or deceptive acts or practices.

40. Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). Furthermore, "an act or practice is deceptive it is possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

41. In this case, Midland's unlicensed debt collection efforts against Oyola were unfair or deceptive acts or practices, in violation of G.L. c. 93A, § 2.

42. Midland does not maintain a place of business within the Commonwealth.

43. Midland does not keep assets within the Commonwealth.

44. Because Midland does not maintain a place of business or keep assets within the Commonwealth, it was not entitled to receive a pre-suit demand letter from Oyola pursuant to G.L. c. 93A, § 9.

45. Oyola is therefore entitled to make a claim pursuant to G.L. c. 93A, § 9, notwithstanding that she did not send Midland a pre-suit demand letter. *See Moronta v. Nationstar Mortgage, LLC*, ___ Mass. ___ (December 22, 2016).

46. Oyola suffered damages due to Midland's unlawful actions, including but not limited to economic damages, physical damages, and emotional damages.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(5)

47. The preceding allegations are incorporated by reference.

48. Pursuant to 15 U.S.C. § 1692e(5), Midland was prohibited from taking action that cannot legally be taken.

49. Midland violated the FDCPA by engaging in unlicensed debt collection efforts against Oyola in violation of Massachusetts law.

50. Several courts, including the Massachusetts Appellate Division, have concluded that unlicensed debt collection efforts violate § 1692e(5). *Midland Funding LLC v. Juba*, 16-ADMS-40011 (Mass. App. Div., Feb. 15, 2017) (holding that Midland violated the FDCPA and state consumer protection laws by engaging in unlicensed debt collection efforts); *Collins v. Erin Capital Mgmt., L.L.C.*, 991 F. Supp. 2d 1195 (S.D. Fla. Oct. 28, 2013) (garnishment action brought by unregistered debt buyer was threat to take action that could not legally be taken); *Bradshaw v. Hilco Receivables, L.L.C.*, 765 F. Supp. 2d 719 (D. Md. 2011) (collection attempt by unlicensed collector was assertion of right known not to exist, a violation of the Maryland debt collection statute).

51. Midland may defend its actions by claiming that it mistakenly relied on advisory opinions issued by the Massachusetts Division of Banks. Any such reliance, however, is misplaced. Mistake of law is not a defense to a violation of the FDCPA. *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F.Supp.2d 1 (D. Mass., 2012) (A mistake of Massachusetts state law does not constitute a bona fide error defense); *Jerman v. Carlisle*, 130 S.Ct. 1605, 1611-12, 559 U.S. 573, 176 L.Ed.2d 519, 581-82 (2010) ("We have long recognized the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally. . . Our law is therefore no stranger to the possibility that an act may be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law.")

52. Oyola suffered damages due to Midland's unlawful actions, including but not limited to economic damages, physical damages, and emotional damages.

**REQUEST FOR RELIEF**

WHEREFORE, Oyola requests that the Court issue judgment in her favor and against Midland Funding LLC, as well as the following relief:

A. Judgment that Midland violated the Massachusetts Consumer Protection Act;

B. Judgment that Midland violated the Fair Debt Collection Practices Act;

C. Actual and compensatory damages;

D. Statutory damages;

E. Costs, interest, and attorney's fees; and

F. All other relief to which she is entitled at law or equity.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

        Respectfully submitted,

        Plaintiff,
        Abigail Oyola,
        By counsel,

        */s/ Christopher M. Brine*
        Christopher M. Brine (BBO 679289)
        Brine Consumer Law
        100 Grove Street, Suite 210
        Worcester, MA 01605
        P - 508.556.1899
        F - 508.556.9951
        cmb@brineconsumerlaw.com

        Donald A. Yarbrough, Esq.
        Attorney for Plaintiff
        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        don@donyarbrough.com

        (Mr. Yarbrough will move for admission by separate motion)

April 6, 2017