UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIGAIL OYOLA, on behalf of herself and all others similarly situated,<br>　　Plaintiff, | Civil Action<br>No: 17-40040-TSH |
| v. | FIRST AMENDED[1] CLASS ACTION COMPLAINT & JURY DEMAND |
| MIDLAND FUNDING, LLC<br>　　Defendant. | |

## SUMMARY

1.　　Midland Funding, LLC is not licensed to operate as a debt collector in Massachusetts. Nevertheless, it has illegally engaged in unlicensed debt collection efforts against Abigail Oyola and others similarly situated which violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (FDCPA), the Massachusetts Debt Collection Practices Act, G.L. c. 93, §§ 24-28 (MDCPA), and the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2 (MCPA).

## FEDERAL JURISDICTION AND VENUE

2.　　The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States, 15 U.S.C. § 1692k(d) and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3.　　Venue is proper in the District of Massachusetts because, pursuant to 28 U.S.C. § 1391(b) a substantial portion of the acts giving rise to this action occurred within the District of Massachusetts.

---

[1] Pursuant to Rule 15, Plaintiff amends her initial complaint within 21 days of service, DE 6-1.

## PARTIES

4. Plaintiff Abigail Oyola (Ms. Oyola) is a natural person residing in Worcester, Massachusetts. At all times material hereto, Ms. Oyola and each member of the class she seeks to represent are "consumers" as that term is contemplated in § 1692a of the FDCPA and § 24 of the MDCPA.

5. Defendant Midland Funding, LLC (Midland) is a limited liability company organized under the laws of Delaware, with its principal office in California. Midland is a "debt collector" as that term is contemplated in § 1692a(6) of the FDCPA and § 24 of the MDCPA. Midland has direct involvement in the actions challenged in this lawsuit.

## FACTUAL ALLEGATIONS

6. On or about October 23, 2015 Midland purchased a defaulted debt owed by Ms. Oyola for a credit card account. (The Debt).

7. The Debt owed by Ms. Oyola was incurred for personal, family, or household purposes, i.e. – a credit card used for personal purposes.

8. On May 5, 2016 Midland filed a collection complaint in the Small Claims Division of the Worcester District Court, Docket No. 1662 SC 965, against Ms. Oyola to recover the Debt.

9. Midland was not and is not licensed to operate as a debt collector within the Commonwealth of Massachusetts.

10. Pursuant to the MDCPA, "No person shall directly or indirectly engage in the commonwealth in the business of a debt collector, or engage in the commonwealth in soliciting the right to collect or receive payment for another of an account, bill or other indebtedness, or

advertise for or solicit in print the right to collect or receive payment for another of an account, bill or other indebtedness, without first obtaining from the commissioner a license to carry on the business, nor unless the person or the person for whom he or it may be acting as agent has on file with the state treasurer a good and sufficient bond." G.L. c. 93, § 24A(a).

11. Ms. Oyola has incurred actual damages as a result of Midland filing suit against her. On June 9, 2016 a default judgment in the amount of $656.29 was entered against her. A civil arrest warrant was subsequently issued against her for failing to appear at a post-judgment payment review hearing. On March 23, 2017, Ms. Oyola was forced to take that day off of work in order to to appear in court regarding the civil arrest warrant.

12. Midland's primary business purpose is to purchase defaulted debts in order to collect on them.

13. Midland regularly purchases portfolios of defaulted consumer debts in order to collect those obligations.

14. Midland regularly engages in direct and/or indirect collection efforts against consumers in Massachusetts.

15. Midland regularly uses the mail, telephone, and other instrumentalities of interstate commerce in order to collect on defaulted debts in Massachusetts.

16. In violation of G.L. c. 93, § 24A, Midland has and continues to operate as a debt collector within the Commonwealth of Massachusetts.

**DEFENDANT'S ROUTINE PRACTICES**

17. It is Midland's routine practice to file collection complaints in Massachusetts courts without being licensed as a collection agency in Massachusetts.

18.     It is Midland's routine practice to attempt to collect alleged consumer debts in Massachusetts court without being licensed as a collection agency in Massachusetts pursuant to G.L. c. 93, § 24A.

19.     Midland routinely files and prosecutes collection lawsuits against consumers in Massachusetts.

20.     Midland routinely participates in, manages, or directs litigation activities against consumers in Massachusetts.

21.     Midland routinely acts in concert with related entities, including but not limited to Midland Credit Management, Inc. and Encore Capital Group, Inc. to collect consumer debts. (See Consumer Financial Protection Bureau Consent Order dated September 3, 2015, attached as **Exhibit A**).

## CLASS ALLEGATIONS

22.     This action is brought as a class action pursuant to the FDCPA on behalf of a class defined as: (i) all persons with addresses in Massachusetts (ii) against whom Defendant filed or caused to be filed a complaint in a Massachusetts court with Midland Funding, LLC named as plaintiff (iii) in an attempt to collect an alleged obligation (iv) that was in default when acquired by Midland Funding, LLC (v) which, as shown by the nature of the alleged obligation, Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes (vi) during the period one year prior to the date of filing this action.

23.     This action is brought as a class action pursuant to the MDCPA on behalf of a class defined as: (i) all persons with addresses in Massachusetts (ii) against whom Defendant filed or caused to be filed a complaint in a Massachusetts court with Midland Funding, LLC named as plaintiff (iii) in an attempt to collect an alleged obligation (iv) that was in default when

acquired by Midland Funding, LLC (v) which, as shown by the nature of the alleged obligation, Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes (vi) during the period four years prior to the date of filing this action.

24. This action is brought as a class action pursuant to the MCPA on behalf of a class defined as: (i) all persons with addresses in Massachusetts (ii) against whom Defendant filed or caused to be filed a complaint in a Massachusetts court with Midland Funding, LLC named as plaintiff (iii) in an attempt to collect an alleged obligation (iv) that was in default when acquired by Midland Funding, LLC (v) which, as shown by the nature of the alleged obligation, Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes (vi) during the period four years prior to the date of filing this action.

25. On information and belief based on a limited survey of Defendant's filing complaints in the Worcester District, the class is so numerous that joinder of all members is impractical. From May 1, 2016 through April 30, 2017 Midland filed approximately 905 collection complaints in this court alone.

26. There are questions of law and fact common to the class which predominate over any issues involving only individual class members. The principal questions are whether Defendant's collection complaints in Massachusetts courts without being licensed by Massachusetts as a debt collector violates the FDCPA, the MDCPA, and/or the MCPA.

27. Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

28. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff retained counsel experienced in class actions and debt collection abuse cases.

29. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy.  Individual cases are not economically feasible.

30. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Plaintiff requests the Court to certify a class pursuant to Rule 23(b)(3).

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692

32. The preceding allegations are incorporated by reference.

33. Pursuant to 15 U.S.C. § 1692e, Midland was prohibited from making any false, deceptive, or misleading representations.

34. Pursuant to 15 U.S.C. § 1692e(5), Midland was prohibited from taking action that cannot legally be taken.

35. Pursuant to 15 U.S.C. § 1692e(10), Midland was prohibited from use of false representations or deceptive means to collect or attempt to collect a debt.

36. Midland violated the FDCPA by engaging in unlicensed debt collection efforts against Ms. Oyola and others similarly situated. See: *Midland Funding, LLC v. Juba*, No. 16©ADMS©40011, 2017 WL 716331 (Mass. Dist. Ct. Feb. 15, 2017) (holding that Midland violated the FDCPA and state consumer protection laws by engaging in unlicensed debt collection efforts.)

37. Ms. Oyola suffered damages due to Midland's unlawful actions.

## COUNT II
### VIOLATION OF THE MASSACHUSETTS DEBT COLLECTION PRACTICES ACT
### G.L. c. 93, § 24A

38. The preceding allegations are incorporated by reference.

39. Pursuant to G.L. c. 93, § 24A(a), "No person shall directly or indirectly engage in the commonwealth in the business of a debt collector, or engage in the commonwealth in soliciting the right to collect or receive payment for another of an account, bill or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of an account, bill or other indebtedness, without first obtaining from the commissioner a license to carry on the business, nor unless the person or the person for whom he or it may be acting as agent has on file with the state treasurer a good and sufficient bond." G.L. c. 93, § 24A(a).

40. Midland's engaged in unlicensed debt collection efforts against Ms. Oyola and others similarly situated, in violation of G.L. c. 93, § 24A(a).

41. Ms. Oyola is entitled to make a claim pursuant to G.L. c. 93, § 12.

42. Ms. Oyola suffered damages due to Midland's unlawful actions.

## COUNT III
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
### G.L. c. 93A, § 2

43. The preceding allegations are incorporated by reference.

44. Midland is engaged in trade or commerce in Massachusetts.

45. Pursuant to G.L. c. 93A, § 2, Midland is prohibited from engaging in unfair or deceptive acts or practices.

46.     Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). Furthermore, "an act or practice is deceptive it is possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

47.     In this case, Midland's unlicensed debt collection efforts against Ms. Oyola and others similarly situated were unfair or deceptive acts or practices, in violation of G.L. c. 93A, § 2.

48.     Midland's actions were also per se violations G.L. c. 93A, § 2, as they violated G.L. c. 93, § 24A. Pursuant to G.L. c. 93, § 28, violation of § 24A "shall constitute an unfair or deceptive act or practice" under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

49.     Midland's actions were also per se violations of G.L. c. 93A, § 2, as they violated 209 Code Mass. Regs. § 18.16(5), which prohibited it from taking action that cannot legally be taken.

50.     Pursuant to G.L. c. 93, § 28, violation of § 18.16(5) "shall constitute an unfair or deceptive act or practice" under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

51.     Midland does not maintain a place of business within the Commonwealth.

52.     Midland does not keep assets within the Commonwealth.

53. Because Midland does not maintain a place of business or keep assets within the Commonwealth, it was not entitled to receive a pre-suit demand letter from Ms. Oyola pursuant to G.L. c. 93A, § 9.

54. Ms. Oyola is therefore entitled to make a claim pursuant to G.L. c. 93A, § 9, notwithstanding that she did not send Midland a pre-suit demand letter. *See Moronta v. Nationstar Mortgage, LLC*, 476 Mass. 1013, 64 N.E.3d 1287 (2016).

55. Ms. Oyola suffered damages due to Midland's unlawful actions.

**REQUEST FOR RELIEF**

WHEREFORE, Abigail Oyola, on behalf of herself and all others similarly situated, requests that the Court issue judgment in her favor and against Midland Funding LLC, for the following relief:

A. Certification of this litigation to proceed as a class action;

B. Declaratory Judgment that Midland violated the Fair Debt Collection Practices Act;

C. Declaratory Judgment that Midland violated the Massachusetts Debt Collection Practices Act;

D. Declaratory Judgment that Midland violated the Massachusetts Consumer Protection Act;

E. Actual and compensatory damages;

F. Statutory damages;

G. Injunctive relief enjoining Midland from collecting or attempting to collect any judgment obtained by Midland when not licensed by Massachusetts as a debt

    collector;

H. Costs, interest, and attorney's fees; and

I. All other relief to which she is entitled at law or equity.

## Jury Demand

Plaintiff Abigail Oyola demands a trial by jury on all issues so triable.

    Respectfully submitted,

    Plaintiff,
    Abigail Oyola,
    By counsel,

    /s/ Christopher M. Brine
    Christopher M. Brine (BBO 679289)
    Brine Consumer Law
    100 Grove Street, Suite 210
    Worcester, MA 01605
    P - 508.556.1899
    F - 508.556.9951
    cmb@brineconsumerlaw.com

    /s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339
    Telephone: 954-537-2000
    Facsimile: 954-566-2235
    don@donyarbrough.com
    Admitted *Pro Hac Vice* (DE 5) April 14, 2017

    O. Randolph Bragg
    Horwitz, Horwitz & Associates
    25 East Washington Street, Suite 900
    Chicago, Illinois 60602
    (312) 372-8822
    (312) 372-1673 (facsimile)

        rand@horwitzlaw.com

        (Mr. Bragg will move for admission by separate motion)

May 2, 2017

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABIGAIL OYOLA, on behalf
of herself and all others similarly situated,

    Plaintiff

v.                                                                  Civil Action
                                                                    No.: 17-40040-TSH

MIDLAND FUNDING, LLC,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

      I, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 2, 2017.

                                                           s/Donald A. Yarbrough
                                                           Donald A. Yarbrough, Esq.
                                                           Florida Bar No. 0158658
                                                           Admitted *Pro Hac Vice* (DE 5) April 14, 2017