UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABIGAIL OYOLA, on behalf
of herself and all others similarly situated,
    Plaintiff,

v.

MIDLAND FUNDING, LLC
    Defendant.

C.A. No. 4:17-40040-TSH

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A TEN PAGE REPLY**

Now comes Plaintiff Abigail Oyola (Ms. Oyola), on behalf of herself and all others similarly situated, by and through undersigned counsel, respectfully requests that the Court deny Midland Funding, LLC's (Midland) Motion for Leave to file a reply to Ms. Oyola's Opposition to Midland's Motion to Compel Arbitration.

As explained below, Midland's Motion to Compel contained in-depth analysis of many of the issues it now claims were raised by the first time in Ms. Oyola's Opposition. It is therefore now seeking a second bite at the apple to brief issues that were already argued in its Motion or should easily have been anticipated. Accordingly, Ms. Oyola respectfully requests that Midland's Motion for Leave be denied.

    I.    **STANDARD OF REVIEW FOR LEAVE TO FILE REPLY**

"The right to [file] reply papers is not automatic." *U.S. v. Long*, 697 F. Supp. 651, 661 n.10, (S.D.N.Y. 1988). Despite "complex and novel questions," a motion for leave to file a reply

is properly denied when the requesting party "had an adequate opportunity to address the issues" raised by the opponent. *U.S. v. Davis*, 714 F. Supp. 853, 856 (S.D. Ohio 1988). Accordingly, a request should be denied when the requesting party has already had "ample opportunity to present their arguments." *Sony/ATV Music Publishing, LLC v. D.J. Miller Music Distributors, Inc.*, 3:09-cv-01098, at 2 (M.D. Tenn., December 2, 2011).

The right to file a reply brief is granted only upon "good cause." *FDIC v. Lewis*. 2:10-CV-439 JCM (VCF), at 3 (D. Nev., July 29, 2015). Parties are generally prohibited from raising new issues for the first time in a reply brief, and any new evidence presented should not be considered without giving the opposing party a further opportunity to respond. *Id*.

## II. MIDLAND'S REQUEST FOR LEAVE SHOULD BE DENIED.

As cause for it's reply brief, Midland wrongly asserts that Ms. Oyola's Opposition raised several new arguments not considered in its Motion to Compel Arbitration. While that is not the standard of review in this matter, Midland's assertion is also wrong. In fact, many of these claims were directly raised and analyzed by Midland.

First, Midland alleges that evidence of acceptance or receipt of the arbitration clause was outside the scope of its motion. (Mtn. for Leave, at 1). However, Midland's Motion to Compel directly addressed this issue, claiming that "Plaintiff received sufficient notice of the terms and conditions of the Card Agreement at issue because. . . " (Mtn. to Compel, at 3). The Motion further included an Affidavit of Vicki Scott, which directly addressed this issue as well. (Mtn to Compel, Ex. A, ¶ 7).

Second, Midland alleges that its role as an assignee (as opposed to a successor) was outside the scope of its motion. (Mtn. for Leave, at 1). However, it's motion routinely identified Midland as a "successor."

- "Through a series of transactions, Defendant became Credit One's successor." (Mtn. to Compel, at 3).
- "Accordingly, Defendant is Credit One's successor-in-interest." *Id*.
- "The record evidence demonstrates Midland Funding was Credit One's Successor." *Id.* at 9.
- "Midland Funding was Credit One's successor." *Id.* at 9.
- "Together, the Scott Affidavit and the Collins Declaration establish that Midland Funding is Credit One's successor because . . ." *Id*. at 10.
- "Defendant is Credit One's successor." *Id.* at 14.

Midland's Motion to Compel also directly includes the language from the arbitration clause stating that it applies only to "predecessors and successors." *Id*. at 9. Ms. Oyola's argument that Midland is actually and assignee and not a successor, and is therefore not entitled to enforce the arbitration clause, should not be surprising.

Third, Midland alleges that the sufficiency of its evidence of assignment was outside the scope of its Motion to Compel, but Midland's Motion spent *five pages* on this issue, which was *twice* given its own separate sub-heading. (Mtn, to Compel, at 3-4 and 10-12). Any argument that this issue was outside the scope of its Motion is entirely baseless.

Fourth, Midland alleges that Ms. Oyola's regarding the scope of the arbitration clause are outside the scope of its Motion to Compel, but Midland's Motion again spent *three pages* on this

issue, which was also given its own sub-heading. (Mtn. to Compel, at 12-14). Midland directly argued that "Plaintiff's claims fall within the scope of the Arbitration Agreement." *Id*. at 13.

Finally, Midland alleges that Ms. Oyola's arguments regarding waiver and unconscionablity were outside the scope of its Motion to Compel. However, these objections are commonplace with regard to arbitration issues of this type, and should have easily been anticipated by the six attorneys representing Midland in this case. It should be not be allowed to wait and see how Ms. Oyola responded before addressing them for the first time. Midland had an adequate opportunity to address them first, but deliberately chose not to do so.

The basis of this case is that Midland has illegally sued thousands of Massachusetts citizens without the right to do so. A defense to arbitration based on Midland's continuous and repeated litigation efforts is therefore not surprising. There is a substantial body of case law regarding litigation waivers, including First Circuit law. It is unreasonable to say that this issue could not have been anticipated. Rather, Midland was trying to be too cute by half - it didn't want to raise this issue in the hopes that Ms. Oyola wouldn't raise it, and now wants the Court to give it a second bite at the apple because it wasn't raised in the first place.

Similarly, Midland's Motion to Compel repeatedly argues that the arbitration clause is enforceable. (Mtn to Compel, at 2, 7-9). It should not be surprising that Ms. Oyola contends it is not enforceable due to unconscionability. Again, this issue is commonplace with regard to arbitration issues of this type, and should easily have been anticipated. Midland's deliberate avoidance of this issue in its Motion to Compel should not now be rewarded.

**III.    IF LEAVE TO FILE A REPLY IS GRANTED, IT SHOULD BE LIMITED AND MS. OYOLA SHOULD BE GRANTED LEAVE TO FILE A SUR-REPLY.**

In the event that the Court determines that a reply brief from Midland would be appropriate and helpful, Ms. Oyola contends that: (1) it should be limited to no more than three pages and (2) Ms. Oyola should be granted leave to file a sur-reply of no more than three pages.

As explained above, Midland's Motion to Compel contained in-depth analysis of many of the issues it claims Ms. Oyola raised for the first time in her Opposition. Of the two issues that were not directly raised in its Motion, it is clear that Midland consciously omitted them in hopes that Ms. Oyola wouldn't raise them - and with plans to request leave to file a reply brief from the Court if they were.

Ms. Oyola contends that Midland has not shown good cause to file a reply brief. If the Court concludes otherwise, though, she contends that Midland should be limited to three pages at most. Midland's original Motion to Compel was 17 pages long, which is three pages short of the local rules maximum allowed length. Accordingly, Midland has three pages of length it could have availed itself of in the original motion. Ms. Oyola contends that this length is sufficient to address the issues claimed by Midland.

Furthermore, she contends that the Court should not grant Midland leave to file a reply without also granting her leave to file a sur-reply with the same length restrictions.

**IV.    CONCLUSION**

For the foregoing reasons, Ms. Oyola contends that Midland has failed to demonstrate good cause for leave to file a reply, and that its Motion for Leave should be denied. Alternatively, she contends that if leave to file a reply is granted, Midland should be limited to a reply brief of

no more than three pages, and that she be granted leave to file a sur-reply with the same length restriction.

                              Respectfully submitted,

                              Plaintiff,
                              Abigail Oyola,
                              By counsel,

                              */s/ Christopher M. Brine*
Christopher M. Brine (BBO 679289)
Brine Consumer Law
100 Grove Street, Suite 210
Worcester, MA 01605
P - 508.556.1899
F - 508.556.9951
cmb@brineconsumerlaw.com

Donald A. Yarbrough, Esq.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com

O. Randolph Bragg
Horwitz, Horwitz & Associates
25 East Washington Street, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (facsimile)
rand@horwitzlaw.com

July 31, 2017

## CERTIFICATE OF SERVICE

  I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 31, 2017.

             */s/ Christopher M. Brine*
             Christopher M. Brine